UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAIAH JOSHUA PRICE,

    Petitioner,                               Civil No. 2:16-CV-10724
                                           HONORABLE NANCY G. EDMUNDS
v.                                         UNITED STATES DISTRICT JUDGE

TONY TRIERWEILER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Isaiah Joshua Price, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree criminal sexual conduct, M.C.L.A. 750.520b. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner pleaded guilty to first-degree criminal conduct, in exchange for the prosecutor's agreement to dismiss the sentencing enhancement charging petitioner with being a third felony habitual offender. The parties also agreed to a sentence of 25-40 years. Petitioner acknowledged that he had signed the plea form and had discussed the terms of the plea with his lawyer. Petitioner acknowledged the rights he was waiving by pleading guilty. Petitioner stated that no one had threatened or coerced him into pleading guilty. Petitioner made out a factual basis for his guilty plea. (Tr. 2/5/13, pp. 3-12).

1

Petitioner was sentencing in accordance with the sentencing agreement. (Tr. 2/26/13, p. 4).

Appellate counsel was appointed to represent petitioner. After meeting with petitioner in prison, appellate counsel filed a motion to withdraw as counsel because he could not find any non-frivolous grounds for appeal. Appellate counsel determined that petitioner's plea was valid. Appellate counsel noted that in addition to petitioner's admission of guilt, DNA evidence indicated that the 12 year old victim in this case had given birth to a child and that petitioner was the father. Appellate counsel noted that petitioner had been sentenced in conformity with the plea agreement. Counsel indicated that he reviewed the record and met with petitioner in prison and had advised him that the Michigan Court of Appeals would not vacate a valid plea and sentence agreement. Appellate counsel advised petitioner that there would be no advantage to him setting aside his plea agreement. Appellate counsel attempted to get petitioner to voluntarily dismiss his appeal, but petitioner refused. [1]

The Wayne County Circuit Court granted the order to vacate the appointment of appellate counsel. *People v. Price,* No. 12-10168 (Wayne Cty. Cir. Ct. May 7, 2013).

Petitioner then filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.* Petitioner argued that his guilty plea must be set aside because he did not receive a guidelines sentence and that trial counsel had given him bad advice. The trial judge denied the motion. *People v. Price,* No. 12-10168 (Wayne Cty. Cir. Ct. Mar. 4, 2014).

Petitioner then filed a motion for the appointment of substitute appellate counsel,

---

[1] See Motion to Vacate Order Appointing Appellate Counsel. [This Court's Dkt. 11-4].

which the trial court denied. *People v. Price,* No. 12-10168 (Wayne Cty. Cir. Ct. Apr. 4, 2014); *reconsideration den.* No. 12-10168 (Wayne Cty. Cir. Ct. Apr. 28, 2014).

Petitioner then filed an application for leave to appeal, in which he requested the appointment of replacement appellate counsel. The Michigan Court of Appeals denied leave to appeal:

> The application for leave to appeal is DENIED for lack of merit in the grounds presented. Defendant is not entitled to substitute appointed appellate counsel where initially appointed counsel represented in his motion to withdraw that no nonfriviolous issues existed for appeal.

*People v. Price,* No. 321907 (Mich.Ct.App. Oct. 1, 2014).

The Michigan Supreme Court denied petitioner leave to appeal. *People v. Price,* 861 N.W. 2d 7 (Mich. 2015).

Petitioner seeks a writ of habeas corpus on the following ground:

> The state courts erred in violation of *Halbert v Michigan*, 545 U.S. 605; 125 S.Ct. 2582; 162 L.Ed.2d 552 (2005), when it failed to *sua sponte* appoint new appellate counsel to Defendant, who is indigent and seeks access to first-tier review of his plea-based conviction, after the court granted first appellate counsel's motion to withdraw.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> >    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >    (2)    resulted in a decision that was based on an

> unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III. Discussion

Petitioner claims that he is entitled to habeas relief because the state court failed to appoint substitute appellate counsel after permitting petitioner's first court-appointed

4

appellate attorney to withdraw as counsel.

A defendant has an absolute right to be represented by counsel on his or her first appeal from his or her conviction. *Douglas v. California*, 372 U.S. 353, 356 (1963); *Penson v. Ohio*, 488 U.S. 75, 83-83 (1988). The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 395-97 (1985).

In *Halbert v. Michigan,* 545 U.S. 605, 609-10 (2005), the United States Supreme Court, based on its holding in *Douglas,* held that the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution require the appointment of counsel for defendants who have pleaded guilty or *nolo contendere* and who seek access to first-tier review of their convictions in the Michigan Court of Appeals.[2]

In *Anders v. California,* 386 U.S. 738, 744 (1967), the U.S. Supreme Court held that a court-appointed appellate counsel could move to withdraw if, following "a conscientious examination" of the case, appellate counsel determined that the case was "wholly frivolous." The Supreme Court indicated that any request to withdraw should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* A copy of this brief should be furnished to the defendant and time should be

---

[2] In 1994, Michigan voters approved a proposal which amended Michigan's State Constitution to provide that "an appeal by an accused who pleads guilty or *nolo contendere* shall be by leave of the court," rather than by right. Mich. Const., Art. 1, § 20. In the aftermath of this amendment, some trial court judges in Michigan began to deny appointed appellate counsel to indigent defendants who had pleaded guilty or *nolo contendere. See Kowalski v. Tesmer,* 543 U.S. 125, 127-28 (2004). The Michigan Supreme Court upheld the constitutionality of this practice against challenges based on the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Federal Constitution. *People v. Harris*, 470 Mich. 882; 681 N.W.2d 653 (2004)(Kelly, J. dissenting and Cavanagh, J. would hold case in abeyance pending the decision in *Kowalski v. Tesmer, supra)*; *People v. Bulger*, 462 Mich. 495; 614 N.W. 2d 103 (2000)(Cavanagh, and Kelly, JJ., dissenting). The Michigan State Legislature subsequently codified the practice of limiting the appointment of appellate counsel in guilty plea cases to certain limited situations. *See* M.C.L.A. 770.3a. The Supreme Court in *Halbert* held that such restrictions were unconstitutional.

given to allow him to raise any points that he chooses. *Id.* The Supreme Court indicated that the court, and not counsel, should decide, after a full examination of all the proceedings, whether the case is wholly frivolous. If the court makes such a finding, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned. *Id.*

In *Smith v. Robbins,* 528 U.S. 259, 272-73 (2000), the Supreme Court held that this section of the *Anders* opinion, which recited an acceptable procedure for treating frivolous appeals, is not obligatory upon the States. In so holding, the Supreme Court noted that the procedure delineated in *Anders* procedure is not an "independent constitutional command," but is just "a prophylactic framework" that the Supreme Court established as one method to vindicate the constitutional right to appellate counsel. *Id.* at 273 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). States are therefore free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel. *Id.* at 265.

The Supreme Court in *Smith* went on to hold that the proper standard for evaluating a habeas petitioner's claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in *Strickland v. Washington.* [466 U.S. 668 (1984)]. *Smith,* 528 U.S. at 285. Where a habeas petitioner has received appellate counsel who has complied with a valid state procedure for determining whether the defendant's appeal is frivolous, and the State did not at any time leave the defendant without counsel on appeal, there is no reason for a court to presume that the defendant has been prejudiced. *Id.* at 286. The Supreme Court further ruled that it was not the case that, if appellate counsel unreasonably chooses to follow a procedure such as *Anders* instead of filing a merits brief,

prejudice is so likely that a case-by-case inquiry into prejudice is not worth the cost. *Id.* at 287. With a claim that appellate counsel erroneously failed to file a merits brief, a defendant can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief. *Id.* at 288. However, a petitioner will still be required to show that he or she was prejudiced by appellate counsel's failure to file a merits brief. *Id.*

In the present case, petitioner's counsel filed a motion to withdraw, in which he indicated that after a thorough and conscientious review of the record, he found there to be no appealable issues of merit in that petitioner had voluntarily pleaded guilty and had been sentenced in accordance with the plea agreement. Appellate counsel also suggested, at least implicitly, that there were no defenses to the crime in light of petitioner's admission and the DNA evidence establishing his identity as the offender.[3]

In *McCoy v. Court of Appeals of Wisconsin, Dist. 1,* 486 U.S. 429, 441-43 (1988), the Supreme Court upheld the constitutionality of a Wisconsin Supreme Court rule which required that a court-appointed appellate attorney, who wanted to withdraw on the ground that the defendant's appeal was wholly frivolous, not only file a brief referring to anything in the record that might arguably support an appeal, but also include a discussion of why the issue lacked merit. The Supreme Court indicated that a supported conclusion that an appeal is frivolous did not implicate Sixth or Fourteenth Amendment concerns to any greater extent than a bald conclusion that an appeal is frivolous. *Id.* at 443. Although the

---

[3] Consent is not a defense to first-degree criminal sexual conduct involving a victim under the age of 13 years old. See *People v. Benton*, 294 Mich. App. 191,199; 817 N.W.2d 599 (2011). The victim in petitioner's case was 12 years old at the time of the assault.

Supreme Court in *Smith v. Robbins* questioned whether the one-sided briefing approved in *McCoy* might provide less advocacy for an appellate client than the procedure enunciated in *Anders, See Smith,* 529 U.S. at 272-73, the Court nonetheless suggested that the procedure in *McCoy* afforded adequate and effective appellate review for criminal indigents. *Id.* at p. 284.

This Court concludes that the procedure employed by appellate counsel and the trial and appellate courts in this case afforded petitioner adequate and effective appellate review. Appellate counsel's motion to withdraw discussed the facts of the case. Appellate counsel explained why he believed that there were no appealable issues from the plea or sentencing. Counsel also provided notice to petitioner that he could file a response to the motion to withdraw. The Wayne County Circuit Court judge reviewed the record, found that any appeal would be frivolous, and permitted appellate counsel to withdraw. The Michigan Court of Appeals also reviewed the record in denying petitioner's motion to appoint substitute appellate counsel and likewise could not find any non-frivolous grounds for appeal.

Moreover, assuming that appellate counsel's no-merits brief was defective, petitioner would still have to demonstrate, pursuant to *Strickland,* that he was prejudiced by counsel's failure to file a merits brief in this case.

This Court notes that court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). A criminal defendant "does not have a constitutional right to have his counsel press nonfrivolous points if counsel decides as a matter of professional judgment not to press those points." *Coleman v. Mitchell*, 244 F. 3d 533, 541 (6th Cir. 2001). Thus,

an attorney's failure to present a nonmeritorious issue on appeal does not constitute ineffective assistance of counsel. *Daniel v. Overton*, 845 F. Supp. 1170, 1176 (E.D. Mich. 1994).

Petitioner does not suggest which issues should have been raised by appellate counsel. Conclusory allegations of ineffective assistance of appellate counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Because petitioner failed to show that he has any meritorious issues, he failed to show that he was prejudiced by appellate counsel's filing of what amounts to a no-merits brief.

Petitioner has also failed to show that he had a constitutional right to have a second attorney appointed to represent him after his first appellate counsel was permitted to withdraw. A reviewing court is only constitutionally required to appoint new appellate counsel for a defendant after determining that there are potentially nonfrivolous claims or arguable claims. *Penson v. Ohio*, 488 U.S. at 83; *McCoy,* 486 U.S. 444; *Anders,* 386 U.S. at 744. The United States Supreme Court has never suggested that a criminal defendant has the constitutional right to the appointment of a second appellate attorney after his or her first appellate attorney is permitted to withdraw after filing an *Anders* brief. There is no clearly established federal law that the constitution requires that new counsel be appointed where a criminal defendant's attorney has filed an *Anders* brief. *See United States v. Olan-Navarro*, 350 F.3d 551, 553 (6th Cir. 2003)(declining to reach the question of whether a court is constitutionally required to appoint new counsel where a criminal defendant's trial counsel files or proposes to file an *Anders* brief). Petitioner does not identify any arguable or non-frivolous claims that should have been raised on his direct

9

appeal. Petitioner is not entitled to relief on his claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus with prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma*

10

*pauperis.*

                                                                             s/ Nancy G. Edmunds
                                                                             **HON. NANCY G. EDMUNDS**
                                                                             UNITED STATES DISTRICT COURT

Dated: November 3, 2016